IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE PARAGON OFFSHORE PLC, | : | Chapter 11 |
| | : | Bankr. No. 16-10386-CSS |
| Debtor. | : | (Jointly Administered) |
| | : | |
| PARAGON LITIGATION TRUST, | : | |
| | : | Adv. No. 17-51882-CSS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| NOBLE CORPORATION PLC, *et al.*, | : | Misc. No. 19-78-LPS |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Having reviewed the papers submitted in connection with Defendants' motion for leave to appeal (D.I. 1) (the "Motion for Leave") the Bankruptcy Court's March 19, 2019 Opinion (Adv. D.I. 168),[1] *Paragon Litigation Trust v. Noble Corporation PLC (In re Paragon Offshore PLC)*, 598 B.R. 761 (Bankr. D. Del. 2019), and interlocutory Order (Adv. D.I. 172), which denied in part *Defendants' Motion Pursuant to Bankruptcy Rule 7016(b) and 11 U.S.C. § 157(b)(3) for an Order Determining that the Bankruptcy Court May Only Enter Proposed Findings of Fact and Conclusions of Law with Respect to Counts I Through VIII of the Complaint* (Adv. D.I. 94, 95) (the "Motion to Determine"); and having reviewed the papers submitted by Paragon Litigation Trust ("Trust") in opposition thereto (D.I. 2);

IT IS HEREBY ORDERED that the Motion for Leave (D.I. 1) is DENIED for the reasons that follow:

---

[1] The docket of the adversary proceeding, *Paragon Litigation Trust v. Noble Corporation PLC*, Adv. No. 17-51882-CSS, is cited herein as "Adv. D.I. __." The Chapter 11 docket, *In re Paragon Offshore PLC,* No. 16-10386-CSS, is cited herein as "B.D.I. __."

**1. *Introduction.*** Defendants seek leave to pursue an interlocutory appeal of the Bankruptcy Court's Opinion and Order concluding that it may, consistent with Article III of the U.S. Constitution, enter a final judgment with respect to certain statutorily core fraudulent conveyance counts (Counts I-V) which the Trust has asserted against the Defendants.

**2. *Background.***

On February 14, 2016, Paragon Offshore plc ("Paragon") and certain of its affiliates ("Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. On June 7, 2017, the Bankruptcy Court entered an order confirming the Debtors' chapter 11 plan. (B.D.I. 1614 Ex. A) The confirmed plan created the Trust and transferred to the Trust the right to pursue certain claims, including the fraudulent transfer claims and other claims at issue here. *See Paragon*, 598 B.R. at 766. Plaintiff initiated the adversary proceeding by filing a complaint on December 15, 2017. (Adv. D.I. 1) The complaint named a number of Defendants, including Noble Corporation PLC ("Noble").

On September 20, 2018, Defendants filed the Motion to Determine, seeking an order determining that the Bankruptcy Court could only enter proposed findings of fact and conclusions of law with respect to Counts I through VIII of the complaint. Counts I-V are characterized by both parties as fraudulent transfer claims and, therefore, as statutorily core matters. (Adv. D.I. 95 at 6) Defendants argued that Counts I-V are also *Stern* claims. *See Stern v. Marshall*, 564 U.S. 462 (2011). That is, they argue that the Bankruptcy Court may not constitutionally enter final orders in those matters. In support of this assertion, Defendants cited *Stern* and *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989). Defendants argued that they had never filed proofs of claims against the estates and had never explicitly or impliedly consented to the Bankruptcy Court's final disposition of the fraudulent transfer counts.

According to Defendants, Supreme Court precedent requires the conclusion that the Bankruptcy Court lacks power to issue final orders when a debtor (or a successor-in-interest to a debtor) files a fraudulent transfer claim against a party that has not filed a claim in the underlying bankruptcy case.

On October 26, 2018, the Trust filed its objection to the Motion to Determine. (Adv. D.I. 103) With respect to the *Stern* issue, the Trust asserted that Counts I-V are core and that the Bankruptcy Court may enter final orders with respect to them. In the alternative, the Trust contended that, even if Counts I-V are *Stern* claims, Defendants implicitly consented to the Bankruptcy Court's entry of final orders. On November 9, 2018, Defendants filed their reply in further support of the Motion to Determine. (Adv. D.I. 114)

On January 29, 2019, the Bankruptcy Court heard oral argument and took the matter under advisement. On March 11, 2019, the Bankruptcy Court issued an Opinion, ruling that while it cannot enter final orders on the three non-fraudulent transfer counts, and Defendants had not implicitly consented, "Counts I-V are statutorily core claims which may be finally adjudicated by this Court." *Paragon*, 598 B.R. at 775. It is this one ruling that is the subject of the Defendants' Motion for Leave to file an interlocutory appeal.

On April 2, 2019, Defendants filed a timely notice of interlocutory appeal (*see* Adv. D.I. 181), along with the Motion for Leave (D.I. 1). On April 16, 2019, the Trust filed its response. (D.I. 2) A review of the adversary proceeding docket shows that expert discovery concluded on March 17, 2020; that briefing on dispositive motions, *Daubert* motions, and motions *in limine,* is scheduled to conclude by May 26, 2020; pre-trial briefing will be completed by August 28, 2020; and trial is scheduled to be held from September 14 to 21, 2020. (*See* Adv. D.I. 292) (Amended Scheduling Order)

**3.** *Applicable Standards*. This Court has jurisdiction to hear appeals "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). Section 158(a) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. *See id.* "Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011); *see also In re Philadelphia Newspapers, LLC,* 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b).").

Under the standards of section 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)). Further, leave for interlocutory appeal may be denied for "entirely unrelated

reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

**4.** *Analysis*. Defendants assert that their appeal of the Opinion and Order involves the following controlling question of law as to which substantial ground for difference of opinion exists: "whether a bankruptcy court may, consistent with Article III of the U.S. Constitution, enter a final judgment in a fraudulent conveyance action against defendants who have not filed proofs of claim in the bankruptcy case and who have not otherwise consented to final adjudication of the action." (D.I. 1 at 2) Defendants assert that in *Stern*, the Supreme Court made clear, based on its previous decision in *Granfinanciera*, that bankruptcy courts lack constitutional authority to finally adjudicate fraudulent transfer claims, which do not involve public rights, against non-creditors. (D.I. 1 at 2-3) (citing *Stern*, 564 U.S. at 492 n.7 ("Congress could not constitutionally assign resolution of the fraudulent conveyance action [in *Granfinanciera*] to a non-Article III court.")) Defendants further assert that both the Ninth Circuit Court of Appeals and the Southern District of New York have followed the Supreme Court's teachings in this regard, and squarely held that non-Article III bankruptcy judges lack the constitutional authority to finally resolve fraudulent conveyance actions in the circumstances presented here. *See Exec. Benefits Ins. Agency v. Arkison* (*In re Bellingham Ins. Agency, Inc.*), 702 F.3d 553 (9th Cir. 2012), *aff'd*, 134 S. Ct. 2165 (2014); *Kirschner v. Agoglia*, 476 B.R. 75 (S.D.N.Y. 2012).

### A. *Whether Immediate Appeal May Materially Advance Termination of Litigation*

Of the three factors for interlocutory appeal under Section 1292(b), "courts place particular weight on whether immediate appeal will materially advance the ultimate termination of the litigation." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531

5

(S.D.N.Y. 2014) (internal quotation marks omitted). An interlocutory appeal materially advances litigation if it "(1) eliminate[s] the need for trial, (2) eliminate[s] complex issues so as to simplify the trial, or (3) eliminate[s] issues to make discovery easier and less costly." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994).

With respect to this prong, Defendants argue "it is important to avoid possible conflicting rulings resulting from differing standards or other procedural complexities." (D.I. 1 at 12-13) As all eight counts in the Complaint turn on identical facts, Defendants contend that immediate appeal will promote judicial efficiency by avoiding later confusion as to differing standards of review, which may place this Court in an "awkward litigation posture." (*Id*. at 13) Defendants emphasize that the three non-fraudulent transfer claims will have to be reviewed *de novo* (if the Bankruptcy Court's proposed findings are challenged by any party), *see* 28 U.S.C. § 157(c)(1), and it will be problematic if the same factual findings will be reviewed only for clear error in connection with the fraudulent transfer claims, *see* Fed. R. Bankr. P. 7052. Defendants ponder that this uncertainty could impact proceedings in the Bankruptcy Court, suggesting it is unclear "what, if any, implications . . . this may have for how the parties prepare now for their presentations of fact and expert witnesses at trial," which results in a "level of confusion that . . . need not be." (D.I. 1 at 13-14)

The Trust counters that resolution of the *Stern* issues would not have a practical effect on the litigation or save the litigants or the Bankruptcy Court any time or expense. (D.I. 2 at 3) "The *Stern* Ruling has only one, limited effect on this litigation: it determines the standard of appellate review this Court will apply ***after trial***. Whether the Court decides that issue now or later has no impact on how this case will be tried in the Bankruptcy Court." (*Id.* at 4) Indeed, as the Trust observes, this Court has a standing order contemplating that the appellate standard of

review might only be determined on appeal: "The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event that the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution." Amended Standing Order of Reference *in re* Standing Order of Reference Re: Title 11 (D. Del. Feb. 29, 2012).

The Court agrees with the Trust that Defendants have failed to show that appellate review now of the Bankruptcy Court's ruling on the Motion to Determine will (or even may) materially advance the litigation. The Court fails to see how deciding the standard of review this Court will apply on appeal could have (or could have had, if the Court had resolved the Motion for Leave sooner) any impact on discovery, trial, or any other significant aspect of further proceedings in the Bankruptcy Court. Whatever standard of review this Court ultimately applies, and regardless of whether this Court decides that question now or later, discovery and trial will proceed in the same manner, on the same issues, and on the same timetable. If any party files a post-trial appeal, the time will come when the Court will have to determine its standard of review, and, in that event, it will do so.

At bottom, the Court, ever mindful of the interests of judicial efficiency, believes that the most reasonable exercise of its discretion is to deny immediate appellate review here. *See generally Picard v. Estate of Madoff*, 464 B.R. 578, 587 (S.D.N.Y. 2011) (denying interlocutory appeal of *Stern* ruling because "interlocutory appeals" would not "materially advance the termination of this litigation when the Trustee's claims for fraudulent conveyance, voidable preference, and subordination will continue regardless of the disposition of the issues on appeal") (internal quotation marks omitted); *In re Graves*, 483 B.R. 113, 117 (E.D. Mich. 2012) (denying interlocutory appeal of *Stern* ruling because "the Bankruptcy Court's ruling has done nothing to

7

impede the progress of these proceedings in any way, and this remains true no matter whether this ruling is affirmed or overturned upon any eventual review").

Defendants' failure to meet their burden on the material advancement prong is dispositive, so the Court must deny their requested interlocutory review. *See, e.g.*, *Dal-Tile Int'l, Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996) (denying interlocutory review after determining that "[i]mmediate appeal from this order will not materially advance the ultimate termination of this litigation," without discussion of other § 1292(b) factors); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 64 B.R. 958, 962 (D. Del. 1986) (denying interlocutory review even where "Court conclude[d] that there [was] a substantial ground for difference of opinion"); *see also L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008) ("Although a controlling and controverted question of law is at issue, immediate appeal is not appropriate here, as it will not materially advance this litigation."); *In re Dwek*, 2011 WL 487582, *5-6 (D.N.J. Feb. 4, 2011) (failure to demonstrate one § 1292(b) factor makes further inquiry unnecessary, so the court "need not address" remaining factors); *In re Sandenhill, Inc.*, 304 B.R. 692, 694 (E.D. Pa. 2004) ("appeal from an interlocutory order of the bankruptcy court" is appropriate "if all three [section 1292(b)] conditions are satisfied"); *Hongkong and Shanghai Banking Corp. Ltd. v. Brandt for CFG Peru Investments Pte. Ltd. (Singapore)*, 2017 WL 6729191, *4 (S.D.N.Y. Dec. 29, 2017) ("all three criteria must be met"))

### B. Other Factors

The Court will briefly address the other factors.

Defendants have carried their burden of establishing that their requested appeal presents a controlling question of law. *See Halperin v. Moreno (In re Greenfield Energy Servs., Inc.)*, 2017 WL 6524525 (D. Del. Dec. 21, 2017) (whether subject matter jurisdiction existed over suit

involved controlling question of law). The appeal here presents a pure question of law that can be resolved without any need for this Court to study the record below. Its resolution will determine the appellate standard of review (an issue whose resolution would not, for the reasons already noted, materially advance the litigation).

Defendants have also shown that the question they pose is one on which there are substantial grounds for difference of opinion. The Bankruptcy Court itself noted the difficulty of the issue on which Defendants now seek appellate review. *See Paragon*, 598 B.R. at 773. Moreover, as Defendants emphasize, other courts – including especially the Ninth Circuit and the Southern District of New York – have already reached a different conclusion than did the Bankruptcy Court here. *See Arkison*, 702 F.3d 553; *Penson Fin. Servs., Inc. v. O'Connell*, 479 B.R. 254 (S.D.N.Y. 2012); *see also* D.I. 1 at 8 (citing cases).

Finally, however, no exceptional circumstances warrant discretionary, premature appellate review here. Because an interlocutory appeal represents a deviation from the basic judicial policy of deferring review until after the entry of final judgment, the party seeking leave to appeal an interlocutory order must demonstrate that exceptional circumstances exist. *See In re Advanced Marketing Services, Inc.*, 2008 WL 5680878 (D. Del. Apr. 3, 2008). "Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *AE Liquidation*, 451 B.R. at 349 (internal quotation marks omitted).

According to Defendants, immediate appeal is justified here because the Bankruptcy Court's ruling departs that of the Southern District of New York (and the Ninth Circuit); a significant number of chapter 11 cases in this country are heard by the bankruptcy courts in the District of Delaware and the Southern District of New York; and these two districts should not

have different stances on bankruptcy courts' constitutional authority over fraudulent transfer actions, particularly as fraudulent transfer claims arise frequently in large bankruptcies. (*See* D.I. 1 at 14)  Defendants further argue that exceptional circumstances exist because "absent interlocutory review," the Bankruptcy Court could enter a large judgment against Defendants after trial, requiring them to post a large bond to appeal, which may be difficult or impossible for them to do. (D.I. 1 at 16).

The extraordinary relief of interlocutory review is not necessary to address the split Defendants identify, as the case law can be harmonized, if necessary, in the ordinary course of appellate review.  Nor does the Court accept Defendants' suggestion that interlocutory relief should be available whenever a case involves a potentially large judgment and require the posting of a large bond during a post-trial appeal.  There is no reason to assume the Bankruptcy Court will abuse its discretion in setting a reasonable bond amount (if that issue is even pertinent following trial) and the Court expects the Trust to be reasonable in that regard. (*See* D.I. 2 at 10) (noting Bankruptcy Court's "discretion in setting a bond" and that it "can take into account the actual circumstances regarding the amount at the time")

**5.** ***Conclusion.***  For the reasons explained above, the Court is denying Defendants' Motion for Leave to appeal the Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of Court shall CLOSE this case.

April 9, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE